**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4411

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DUJUAN FARROW,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, District Judge.  (CR-04-278)

Submitted:  November 2, 2005       Decided:  November 21, 2005

Before WILLIAMS, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David Lassiter, JEFFERSON & LASSITER, Richmond, Virginia, for Appellant.  Paul J. McNulty, United States Attorney, Michael J. Elston, Angela Mastandrea-Miller, Assistant United States Attorneys, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Dujuan Farrow appeals his conviction for conspiracy to possess with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). Farrow asserts the district court erred because there was a delay between the admission of evidence regarding Farrow's heroin possession and use and the district court's instruction to the jury to disregard that evidence. He also argues that the evidence was insufficient to convict him of the charge because he had no ownership interest in the cocaine at issue, and he was unaware that his activities were related to a cocaine transaction. Finding no error, we affirm.

This court adheres to the presumption that the jury obeys the limiting instructions of the district court. United States v. Francisco, 35 F.3d 116, 119 (4th Cir. 1994). An exception exists for cases in which there is "some strong indication that the evidence is so powerful that a jury could not ignore it and that the defendant would be harmed as a result." United States v. Jones, 907 F.2d 456, 460 (4th Cir. 1990). In this case, there is no basis for assuming the jury did not follow the court's instruction. Moreover, at trial, Farrow brought attention to his heroin use and possession several times after the district court gave the jury limiting instructions to disregard all mention of Farrow's association with heroin. We therefore reject this claim.

In reviewing the sufficiency of the evidence, this court considers whether the evidence, viewed in the light most favorable to the Government, was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. See United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc); see also Glasser v. United States, 315 U.S. 60, 80 (1942). Because this case involved a conspiracy charge under 21 U.S.C. § 846, the Government was required to prove (a) an agreement between Farrow and another person to engage in conduct that violated a federal drug law; (2) Farrow's knowledge of the conspiracy; and (3) Farrow's knowing and voluntary participation in the conspiracy. United States v. Strickland, 245 F.3d 368, 384-85 (4th Cir. 2001). The record here supports the conclusion that the evidence was sufficient for a rational jury to have found these elements beyond a reasonable doubt. The Government elicited testimony from co-conspirators and law enforcement that a conspiracy existed to buy and distribute cocaine; that Farrow, through words and conduct, knew of this conspiracy; and that Farrow voluntarily participated in the scheme.

Accordingly, we find no error in the district court's limiting instructions and conclude that Farrow's insufficiency of the evidence claim lacks merit. We therefore affirm Farrow's conviction. We dispense with oral argument because the facts and

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
